**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **GINGER DANIEL, LAJUANA RICE AND MAEGAN MCCLAIN** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. _____** |
| **GEICO CHOICE INSURANCE COMPANY** | § § § | |
| **Defendant.** | § | |

---

## NOTICE OF REMOVAL

---

COMES NOW, Defendant GEICO Choice Insurance Company (hereafter, "Defendant" or "GEICO") and submits the following Notice of Removal pursuant to Title 28, sections 1332, 1441, and 1446 of the United States Code and Local Rule 81.1.  As grounds for this removal, Defendant states as follows:

### THE STATE COURT ACTION

1.     Plaintiffs GINGER DANIEL, LAJUANA RICE and MAEGAN MCCLAIN (hereinafter "Plaintiffs") commenced an action against Defendant GEICO in the 72nd Judicial District Court of Lubbock County, Texas, Cause No. 2016-520,068 on or around March 28, 2016. (Service upon Defendant was not achieved until June 13, 2016.)  In their Original Petition ("Petition"),[1] Plaintiffs allege that they were injured as the result of an automobile accident that occurred on or about September 28, 2015, which was caused by an underinsured motorist (Alex Reed) in Lubbock County, Texas, as he ran into a vehicle that Daniel was driving.  *See* Petition (Exhibit. C-1) § IV. at 2.  Plaintiffs allege that, at the time of the accident in question, Plaintiff

---

[1] A copy of the Original Petition is included with this Notice of Removal as Exhibit C-1.

Daniel was an insured driver on a policy written by GEICO, and under such policy was insured at the time of the accident against damages caused by the underinsured motorist, Mr. Reed. *Id.* at 5. Plaintiffs also allege that Plaintiffs Rice and McClain were passengers in Plaintiff Daniel's vehicle at the time of the accident in question.  *Id.* at 2.  Therefore, Plaintiffs allege that, in connection with the accident, they are entitled to the payment of Uninsured/Underinsured Motorists ("UM/UIM") coverage benefits under the GEICO insurance policy at issue.  *Id.* at 5. Plaintiffs further allege that GEICO has improperly handled their claims for UM/UIM coverage benefits, and has failed and refused to properly pay any UM/UIM benefits to them under the policy. *Id.* at 6.

2.     Accordingly, in addition to their claims that GEICO owes Plaintiffs UM/UIM coverage benefits under the policy as a result of the accident, Plaintiffs assert other claims for relief and/or causes of action against GEICO, and seek additional damages, for unfair settlement practices under Section 541.060 (a)(2), (3), and (7) of the Texas Insurance Code, and that GEICO's conduct was committed knowingly.  *See* Petition (Exhibit C-1) at 6.

3.     In their Petition, Plaintiffs specifically seek monetary relief from GEICO in excess of $100,000 (*see* Petition, Exhibit C-1, § I. at 1), which is based, among other things, on the following claimed damages: past and future medical expenses; past and future physical and mental pain, suffering and anguish; past and future physical impairment; past and future physical disfigurement; loss of earnings/earning capacity; interest on the damages suffered as a result of the injury; and court costs. *Id.*  at 3-5, 7.

4.      On or about July 5, 2016, GEICO filed its Original Answer to Plaintiffs' Original Petition, which included its specific denials and affirmative defenses.  *See* GEICO's Original Answer, included with this Notice of Removal as Exhibit D.

5.      The case is currently pending in the 72nd Judicial District Court of Lubbock County, Texas.  Pursuant to Rule 81.1 of the Local Rules, a true and correct copy of an index of all documents, the docket sheet in the state court action, each document filed in the 72nd Judicial District Court for Lubbock County, Texas, and a separately signed certificate of interested persons are included as exhibits with this Notice of Removal, along with an index identifying same. *See* Exhibits A-F, attached hereto.

## JURISDICTION

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and §1441(a) because the parties are citizens of different States and the amount in controversy exceeds $100,000 exclusive of interest and costs.

7.      <u>Diversity</u>:  According to the Petition, Plaintiffs are residents of Lubbock County, Texas.  *See* Petition (Exhibit C-1) § II, at 1.  Upon further information and belief, Plaintiffs are citizens of the State of Texas.  Defendant GEICO is a citizen of Nebraska because it is a Nebraska corporation with its principal place of business in Washington DC.  *See* Declaration of Dan Beacom, RVP, included with this Notice of Removal as Exhibit E.  Accordingly, 28 U.S.C. §1332(a) of the United States Code allows this Court to exercise jurisdiction over this action.

8.      <u>Amount in Controversy</u>:  The amount in controversy is in excess of $100,000.00 In their Petition, Plaintiffs allege that the damages they have suffered as a result of the accident in question exceeds the policy limits of the tortfeasor, if any, (Mr. Alex Reed), that he is thus

uninsured/underinsured, and that they are entitled to UM/UIM benefits because of the accident. As a result, Plaintiffs contend that (a) GEICO owes them UM/UIM benefits under the policy as a result of the accident, and (b) that GEICO has improperly handled their UM/UIM claims by failing and refusing to properly pay UM/UIM benefits to them under the policy, pursuant to Sections 541.060 (a)(2), (3), and (7) of the TEXAS INSURANCE CODE, and thus Plaintiffs are entitled to "three times actual damages."   *See* Petition (Exhibit C-1) at 5-7.   And in their Petition, Plaintiffs specifically seek monetary relief from GEICO of more than $100,000.00   *Id.* at 1.   Therefore, on the face of the Petition, the amount in controversy exceeds $100,000.   *See* 28 U.S.C. § 1446(c)(2).

9.      Because this civil action only involves citizens of different states, and the amount in controversy exceeds $100,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and removal is proper under 28 U.S.C. §1441.

## TIMELY REMOVAL

10.      Pursuant to Title 28 section 1446(b) of the United States Code, removal of this matter has been timely effectuated within 30 days after the receipt by GEICO, through service or otherwise, of a copy of the pleading or other paper setting forth the claim for relief upon which such action or proceeding against GEICO is based.   GEICO was served with a copy of Plaintiffs' Original Petition on June 13, 2016.   This Notice of Removal, filed on July 8, 2016, is within 30 days of such receipt.

## SERVICE

11.     Copies of this Notice of Removal are being served upon all parties to this action. Notice of this removal is also being filed with the 72nd Judicial District Court for Lubbock County, Texas.

Respectfully submitted this 8th day of July, 2016.

Respectfully submitted,

**MAYFIELD LAW FIRM, LLP**
ANGELIQUE WEAVER
State Bar No. 24008247
1001 Main Street, Suite 504
Lubbock, Texas  79401
Telephone: (806) 722-1616
Facsimile: (806) 722-1614
aweaver@mayfield-lawfirm.com

*/s/ Angelique Weaver*
Angelique Weaver

ATTORNEY FOR DEFENDANT
GEICO CHOICE  INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

      I certify that on the 8th day of July  2016, a true and correct copy of this document was served on counsel of record as follows:

**Via E-file and Via Facsimile**
Davis W. Smith, P.C.
Ryne Hutcheson
SBN: 24076096
1220 Avenue k
Lubbock, Texas 79401
Phone: (806) 744-4477
Fax: (806) 744-2671
efile@gorillalawfirm.com

ATTORNEYS FOR PLAINTIFF

*/s/ Angelique Weaver*
Angelique Weaver

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **GINGER DANIEL, LAJUANA RICE** | § | |
| **and MAEGAN MCCLAIN** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **GEICO CHOICE INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF DOCUMENTS FILED IN STATE COURT**

| | Document | Date |
|---|---|---|
| 1 | Plaintiff's Original Petition (C-1) | 03/28/16 |
| 2 | Civil Case Information Sheet (C-2) | 03/28/16 |
| 3 | Civil/Criminal Process Request (C-3) | 03/28/16 |
| 4 | Citation (C-4) | 03/28/16 |
| 5 | Defendant Geico Choice Insurance Company's Original Answer (D) | 07/05/16 |

**EXHIBIT A**

# Case Summary

| | | | | |
|---|---|---|---|---|
| **Case number:** | 2016520068 | | **File Date:** | 03/28/2016 |
| **Style:** | DANIEL, GINGER; RICE, LAJUANA; MCCLAIN, | | **Disposition Date:** | / / |
| **vs.** | GEICO CHOICE INSURANCE COMPANY; | | | |

**Case Type:** INJ/DAMAGE: MOTOR VEHICLE
**Court:** D072

| Events: | Code | Description | Evnt Date | Actn Date | Comments |
|---|---|---|---|---|---|
| 1 | PETN | PETITION FILED | 03/28/2016 | / / | |
| 2 | DCP2 | DISCOVERY LEVEL 2 | 03/28/2016 | / / | |
| 3 | INSH | CASE INFORMATION SHEET | 03/28/2016 | 03/28/2016 | CIVIL CASE INFORMATION |
| 4 | RQST | REQUEST | 03/28/2016 | 03/28/2016 | FOR GEICO CHOICE INSURANCE |
| 5 | CISS | CITATION ISSUED | 03/28/2016 | 03/28/2016 | E 9813601 |
| 6 | CHCK | CHECK CASE | 07/25/2016 | 07/25/2016 | |
| 7 | SD01 | NO SERVICE OF CITATION - NOID | 05/05/2016 | 06/10/2016 | |
| 8 | NOTC | NOTICE | 05/05/2016 | 05/05/2016 | INTENT TO DISMISS |
| 9 | SD01 | NO SERVICE OF CITATION - NOID | 06/10/2016 | 07/22/2016 | |
| 10 | NOTC | NOTICE | 06/13/2016 | 06/13/2016 | OF INTENT TO DISMISS |
| 11 | CSRV | CITATION SERVED | 07/01/2016 | 06/14/2016 | |
| 12 | ANSR | ANSWER RECEIVED | 07/05/2016 | 07/05/2016 | Defendant's Original Answer |

*Lubbock County District Clerks Office*

*7-6-16*

**EXHIBIT B-1**

# CIVIL DOCKET

Date Case Filed:  MARCH 28, 2016

72ND DISTRICT COURT

CASE NO.  2016-520,068

| NAME OF PARTIES | ATTORNEYS | Kind of Action |
|---|---|---|
| GINGER DANIEL, LAJUANA RICE AND MAEGAN MCCLAIN | Attorney for Plaintiff<br><br>E. RYNE HUTCHESON | PERSONAL INJURY AUTO |
| VS | | |
| GEICO CHOICE INSURANCE COMPANY | * * * * * | Date Jury Fee Paid: |
| | Attorney for Defendant | By Plaintiff |
| | | By Defendant |

## DATE OF ORDERS

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTES | |
|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | VOLUME | PAGE |
| | | | | | |

I, Barbara Sucsy, District Clerk, in and for Lubbock County, Texas, do hereby certify this to be a true and correct copy of a like instrument now on file in this office.

This ___6___ day of __July___ _____

Clerk of District Court, Lubbock County, Texas pg. ___1___ of _____

_____ Deputy

**EXHIBIT B-2**

Filed 3/28/2016 10:46:52 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

MK

**NO.** ~~2016-520,068~~  72ND

| | | |
|---|---|---|
| GINGER DANIEL, LAJUANA | § | IN THE _____ DISTRICT COURT |
| RICE and MAEGAN MCCLAIN | § | |
| | § | |
| v. | § | OF |
| | § | |
| | § | |
| GEICO CHOICE INSURANCE | § | |
| COMPANY | § | LUBBOCK COUNTY, TEXAS |

---

# PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Plaintiff GINGER DANIEL, LAJUANA RICE and MAEGAN MCCLAIN

complaining of Defendant GEICO CHOICE INSURANCE COMPANY and for cause of action

would show the Court as follows:

I.

This cause of action involves only monetary relief over $100,000.00 but not more than

$200,000.00. Discovery in this case is to be conducted under Texas Rules of Civil Procedure

190.3, Discovery Control Plan, Level 2.

II.

Plaintiff GINGER DANIEL (TDL 941 SSN 453), LAJUANA RICE (SSN 559) and

MAEGAN MCCLAIN (TID 129 SSN 037) are individuals residing at 1717 22nd St., in Lubbock,

Lubbock County, Texas 79411.

Defendant, Defendant GEICO CHOICE INSURANCE COMPANY (Hereinafter

"GEICO") is a Foreign (Nebraska) casualty insurance company with its principal office at One

Geico Plaza, Washington, DC 20076. GEICO may be served with process by serving its registered

1

**EXHIBIT C-1**

agent/attorney for process; Matthew J. Zuraw, 4201 Spring Valley Rd., Dallas, TX 75224.

III.

The occurrence giving rise to this cause of action occurred in Lubbock County, Texas.

IV.

On or about September 28, 2015, Plaintiff GINGER DANIEL was operating a 2009 Chevy HHR traveling westbound in the 4500 block of Kemper Ave. in Lubbock, Lubbock County, Texas. Plaitniffs LAJUANA RICE and MAEGAN MCCLAIN were passengers in GINGER DANIEL'S vehicle. Alex Reed was operating a 2010 Dodge Avenger traveling northbound in the 1200 block of N. Salem, facing a stop sign at the intersection of Kemper Ave. and N. Salem.   As Plaintiffs proceeded lawfully westbound through the intersection of N. Salem and Kemper Ave., Alex Reed failed to yield the right of way to Plaintiffs and disregarded his stop sign, resulting in a collision with Plaintiffs' vehicle.

As a result thereof, Plaintiffs were caused to suffer serious bodily injuries and damages described with more particularity below.

V.

On September 28, 2015, Alex Reed owed the Plaintiffs a duty to operate his vehicle in a careful and lawful manner; but in violation of such duty, Alex Reed did operate said vehicle in violation of various civil and/or criminal statutes of the State of Texas, and did operate said vehicle in a negligent and careless manner, thus proximately causing and bringing about a collision with the vehicle being operated by the Plaintiff GINGER DANIEL.

VI.

The Plaintiffs would show that at the time and place of the collision hereinabove described, Alex Reed was guilty of one or more of the following acts of negligence, to wit:

1.   In failing to keep such lookout as a person of ordinary prudence would have kept under the

2

**EXHIBIT C-1**

same or similar circumstances.

2. In failing to timely apply the brakes to his vehicle in order to avoid the collision in question.

3. In failing to keep his vehicle under proper control so as to avoid hitting Plaintiff's vehicle.

4. In failing to operate his vehicle without due regard for the rights of others.

5. In failing to operate his vehicle in a safe manner.

6. In failing to yield the right of way or take such other evasive action so as to avoid hitting Plaintiff's vehicle.

7. In failing to sound his horn or warn the Plaintiff in any other manner of her inability to stop.

8. In "failing to yield the right of way" as that act is prohibited under the Texas Transportation Code Ann. Sec. 545.151.

9. In "failing to control speed" as that act is prohibited under the Texas Transportation Code Ann. Sec. 545.351 and 545.352.

10. In "making an unsafe movement" as that act is prohibited under the Texas Transportation Code Ann. Sec. 545.103 and 545.402.

10. In "disregarding a stop sign" as that act is prohibited under the Texas Transportation Code Ann. Sec. 545.153 and 544.010.

Each of these acts and omissions, singularly or in combination with others, were

negligent and one or more of these acts constituted negligence *per se* and such negligence was a

proximate cause of the accident made the basis of this lawsuit and of the injuries and damages

suffered by the Plaintiffs.

VII.

As a direct and proximate result of the aforesaid collision and such negligence and/or *per*

*se* negligent act(s) by Alex Reed as stated herein, GINGER DANIEL has:

1. sustained and suffered severe personal injuries to her head, shoulders/arm, leg/knee, neck and back and to her body generally. Plaintiff GINGER DANIEL has incurred medical bills and expenses for which she prays Judgment. These expenses

3

**EXHIBIT C-1**

were incurred for reasonable and necessary care and for the treatment of injuries resulting from the incident complained of herein. It is reasonably probable that Plaintiff GINGER DANIEL will incur additional medical expenses in the future on the behalf for which she now sues.

2.     suffered great physical and mental pain, suffering and anguish in the past. As a further result of the nature and consequences of her injuries, GINGER DANIEL will, in all probability, continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

3.     suffered physical impairment. It is reasonably probable that GINGER DANIEL's physical impairment resulting from the foregoing injuries is of a lasting nature.

4.     suffered physical disfigurement. It is reasonably probable that GINGER DANIEL 's physical disfigurement resulting from the foregoing injuries is of a lasting nature.

5.     Suffered loss of earning capacity in the past and future.

As a direct and proximate result of the aforesaid collision and such negligence and/or *per se* negligent act(s) by Alex Reed as stated herein, LAJUANA RICE has:

6.     sustained and suffered severe personal injuries to her neck and back and to her body generally. Plaintiff LAJUANA RICE has incurred medical bills and expenses for which she prays Judgment. These expenses were incurred for reasonable and necessary care and for the treatment of injuries resulting from the incident complained of herein. It is reasonably probable that Plaintiff LAJUANA RICE will incur additional medical expenses in the future on the behalf for which she now sues.

7.     suffered great physical and mental pain, suffering and anguish in the past. As a further result of the nature and consequences of her injuries, LAJUANA RICE will, in all probability, continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

8.     suffered physical impairment. It is reasonably probable that LAJUANA RICE's physical impairment resulting from the foregoing injuries is of a lasting nature.

9.     suffered physical disfigurement. It is reasonably probable that LAJUANA RICE's physical disfigurement resulting from the foregoing injuries is of a lasting nature.

As a direct and proximate result of the aforesaid collision and such negligence and/or *per se* negligent act(s) by Alex Reed as stated herein, MAEGAN MCCLAIN has:

4

**EXHIBIT C-1**

10.   sustained and suffered severe personal injuries to her neck and back and to her body generally. Plaintiff MAEGAN MCCLAIN has incurred medical bills and expenses for which she prays Judgment. These expenses were incurred for reasonable and necessary care and for the treatment of injuries resulting from the incident complained of herein. It is reasonably probable that Plaintiff MAEGAN MCCLAIN will incur additional medical expenses in the future on the behalf for which she now sues.

11.   suffered great physical and mental pain, suffering and anguish in the past. As a further result of the nature and consequences of her injuries, MAEGAN MCCLAIN will, in all probability, continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

12.   suffered physical impairment. It is reasonably probable that MAEGAN MCCLAIN's physical impairment resulting from the foregoing injuries is of a lasting nature.

13.   suffered physical disfigurement. It is reasonably probable that MAEGAN MCCLAIN's physical disfigurement resulting from the foregoing injuries is of a lasting nature.

VII.

At the time of the occurrence in question, Plaintiffs were protected against loss caused by bodily injury resulting from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle by a policy of insurance No. 4310509965/Claim No. 038927656-0101-047 issued by Defendant.

VIII.

Alex Reed was at all times material to this action an "underinsured/uninsured," as that term is defined by Plaintiffs' policy of insurance. In this connection, Plaintiffs will show that because Alex Reed was not financially responsible for the liability incurred as a result of the occurrence, the uninsured/underinsured provisions of Plaintiffs' GEICO policy is responsible.

Plaintiffs timely and properly notified Defendant GEICO of their claims as follows:

1.   On Decemer 22, 2015, LAJUANA RICE and MAEGAN MCCLAIN, and on February 26, 2016, GINGER DANIEL, forwarded their demands for payment of

5

**EXHIBIT C-1**

underinsured/uninsured benefits to Defendant along with bills and records
documenting the nature and extent of their injuries and damages as a result of this
accident.

GEICO has failed and refused and continues to fail and refuse to pay reasonable benefits

under this policy as it is contractually required to do despite repeated attempts by Plaintiffs to

obtain compensation, and the passage of more than 60 days, which is more than a reasonable

amount of time for performance by Defendant.   The conduct of Defendant in this regard amounts

to a material breach of its contract with Plaintiffs.   As a result of this breach, Plaintiffs have

suffered the damages described above, all of which were reasonably foreseeable.

IX.

As alleged above, all conditions precedent to the Plaintiffs' right to recover under the

uninsured/underinsured motorist provisions have been performed or have otherwise occurred.

X.

The Defendant GEICO has failed to attempt in good faith to effectuate a prompt, fair, and

equitable settlement of a claim with respect to which the insurer's liability has become reasonably

clear. TEXAS INSURANCE CODE, ART. 541.060(A)(2).   Plaintiffs further assert that Defendant has

refused to pay the Plaintiffs' claims without conducting a reasonable investigation and failed to

promptly provide a reasonable explanation of the basis in the policy, in relation to facts and

applicable law, for its denial. Tex. Ins. Code Sec. 541.060(a)(3) and (7). Because the actions of the

Defendant were committed knowingly, Plaintiffs are further entitled to three times actual damages

pursuant to TEXAS INSURANCE CODE, ART. 541.152.    Plaintiffs are further entitled to recover

from the Defendant GEICO the additional sum of eighteen per cent (18%) per annum of the

amount payable under the policy, and a reasonable sum for the necessary services of Plaintiffs'

6

**EXHIBIT C-1**

attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or

the Supreme Court of Texas. Tex. Ins. Code Sec. 541.152 and Tex. Civ. Pract. & Rem. Code Sec.

38.001.

    All of the foregoing damages as alleged above are within the jurisdictional limits of this

Court.

    **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendant GEICO be

cited to appear and answer herein, and that upon final trial, Plaintiffs have judgment against

Defendant for all damages proved; as well as treble damages in accordance with the law; for costs

of Court; for pre-judgment interest in accordance with the law (18% interest pursuant to the Tx.

Ins. Code), and interest on the judgment until the time the judgment is paid; attorney's fees as

provided by law, and for such other and further relief to which Plaintiffs may show themselves

justly entitled to receive and for which they will ever pray.

    Respectfully submitted;

*DAVIS W. SMITH, P.C.*
1220 Avenue K
Lubbock, Texas 79401
Telephone: (806) 744-4477
Facsimile: (806) 744-2671
Email: efile@gorillalawfirm.com

By:_____
    DAVIS W. SMITH
    SBN: 00791681
    E. RYNE HUTCHESON
    SBN: 24076096

7

**EXHIBIT C-1**

CAUSE NUMBER (FOR CLERK USE ONLY): _____ COURT (FOR CLERK USE ONLY): _____

STYLED _Ginger Daniel, Lajuana Rice and Maegan McClain V. Geico Choice Insurance Company_
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: _E. Ryne Hutcheson_ Email: _efile@gorilla lawfirm.com_ | Plaintiff(s)/Petitioner(s): _Ginger Daniel, Lajuana Rice Maegan McClain_ | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: _1220 Ave K_ Telephone: _806-744-4477_ | Defendant(s)/Respondent(s): _Geico Choice Insurance Company_ | Additional Parties in Child Support Case: Custodial Parent: _____ |
| City/State/Zip: _Lubbock, Tx 79401_ Fax: _806-744-7071_ | | Non-Custodial Parent: _____ |
| Signature: _____ State Bar No: _24071009b_ | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | Family Law |
|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract** ☐ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation **Malpractice** ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void **Divorce** ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| **Foreclosure** ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☒ Motor Vehicle Accident ☐ Premises **Product Liability** ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: |

| Employment | Other Civil | | |
|---|---|---|---|
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | **Probate/Wills/Intestate Administration** ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: |

3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

**EXHIBIT C-2**

## CIVIL/CRIMINAL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.
FOR PROTECTIVE ORDERS, FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED.**

CAUSE NUMBER: **2016-520,068**          CURRENT COURT: **72ND**

TYPE OF INSTRUMENT (See Reverse for Type): _Plaintiffs' Original Petition_     QUANTITY: _____

FILE DATE OF MOTION: _____ _March_ _28_ _2016_
                                    MONTH / DAY / YEAR

SERVICE TO BE ISSUED ON:

I.    NAME: _Geico Choice Insurance Company_

      ADDRESS: _4201 Spring Valley Road_
               _Dallas, Texas 75224_

      AGENT (If Applicable): _Matthew J. Zuraw_

TYPE OF SERVICE / PROCESS TO BE ISSUED (See Reverse for Specific Type): _____

SERVICE BY (check one):

☒ e-SERVICE             ☐ LUBBOCK CO. CONSTABLE          ☐ LUBBOCK CO. SHERIFF

☐ ATTORNEY PICK-UP      ☐ CERTIFIED MAIL                 ☐ MAIL

☐ CIVIL PROCESS SERVER — Authorized Person to Pick-Up: _____ Phone: _____

☐ PUBLICATION           ☐ POSTING

☐ OTHER (Please Explain): _____

---

**DISTRICT ATTORNEY USE ONLY:**

☐ - DA (Name of Person Requesting): _____          EXT: _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERIVCE:

NAME: _E. Ryne Hutcheson_          TEXAS BAR NO. / ID NO.: _24076096_

MAILING ADDRESS: _1220 Ave. K, Lubbock, Texas 79401_

TELEPHONE NUMBER: _(806) 744-4477_

---

**FOR OFFICE USE ONLY:**

☐ - FEES ASSESSED      ☐ - AFFIDAVIT OF INABILITY TO PAY ON FILE      ☐ - URGENT



**EXHIBIT C-3**

# CITATION
# THE STATE OF TEXAS

TO:   **Geico Choice Insurance Company**
      **by serving its registered agent: Matthew J. Zuraw at**
      **4201 Spring Valley Road, Dallas, TX 75224**

                                                    Defendant Greetings:

## NOTICE

**You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the Monday following the expiration of 20 (twenty) days after you have been served this citation and Original Petition, a default judgment may be taken against you.**

Said **Plaintiff's Original Petition** was filed in the **72nd District Court** of Lubbock County, Texas, on **March 28, 2016**.  The file number of said suit being Cause Number **2016-520,068**, and styled:

**Ginger Daniel, Lajuana Rice and Maegan McClain,**
*Plaintiff*
**V.**
**Geico Choice Insurance Company,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
**E. Ryne Hutcheson, 1220 Avenue K, Lubbock, Texas 79401, (806) 744-4477**

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Monday, March 28, 2016, at 2:47 PM.

                                    Barbara Sucsy, District Clerk
                                    72nd District Court
                                    P.O. Box 10536 (79408)
                                    904 Broadway
                                    Lubbock, Texas 79401

                          By  _Ryan Crumley_          Deputy
                                    Ryan S. Crumley

**EXHIBIT C-4**

CAUSE NO. 2016-520-068

RHR

| | | |
|---|---|---|
| GINGER DANIEL, LAJUANA RICE AND | § | IN THE 72ND DISTRICT COURT |
| MAEGAN MCCLAIN | § | |
| Plaintiffs | § | |
| v. | § | IN AND FOR |
| | § | |
| GEICO CHOICE INSURANCE COMPANY | § | |
| Defendant | § | LUBBOCK COUNTY, TEXAS |

## DEFENDANT GEICO CHOICE INSURANCE COMPANY'S
## ORIGINAL ANSWER

TO THE HONORABLE COURT:

COMES NOW, Defendant GEICO Choice Insurance Company ("GEICO") files its Answer to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

### A.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, ("GEICO") generally denies each and every allegation contained in Plaintiffs' Original Petition, and demands strict proof thereof.

### B.
### VERIFIED DENIALS

1.     Pursuant to Rule 93 of the Texas Rules of Civil Procedure, Defendant GEICO asserts that it is not liable to Plaintiffs in the capacity in which it has been sued and Plaintiffs do not have the legal capacity to bring this suit against GEICO. GEICO denies that Plaintiffs have performed all conditions precedent necessary to bring a claim against it in this action or that all conditions precedent to the automobile insurance policy contract at issue have been performed or have occurred.

2.     GEICO is not liable to Plaintiffs under the Uninsured/Underinsured Motorists ("UIM") coverage provisions of its insurance policy because Plaintiffs have failed to perform all

**EXHIBIT D**

conditions precedent to GEICO's duty to pay UIM coverage under any policy.  Plaintiffs have not established that they are "legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident," which is a condition precedent to GEICO's duty to pay UIM benefits under its insurance policy.

3.      In addition, Plaintiffs have not demonstrated that GEICO has breached the terms of any automobile insurance policy with Plaintiffs.  Accordingly, Plaintiffs have not satisfied all conditions precedent necessary to bring any statutory or common law cause of action for failing to properly handle or resolve Plaintiffs UIM claim in good faith, breach of the duty of good faith and fair dealing, or any claim under the provisions of the Texas Insurance Code as alleged in the Petition.

4.      GEICO is entitled to an offset or credit in the amounts of the liability insurance amount of any tortfeasor who was responsible for the accident made the basis of this suit and Plaintiffs' alleged injuries and damages, an offset or credit for any other UIM policy of insurance issued by any other insurer to Plaintiffs, and an offset or credit for any other money paid to or on behalf of Plaintiffs for any medical payment, benefit payments, or personal injury protection benefit payments.

## C.
## SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, GEICO raises the following affirmative defenses:

1.      Plaintiffs' claims are barred because they are not ripe.

2.      Plaintiffs' have failed to state a claim upon which relief can be granted.

3.      Plaintiffs' have stated one or more claims that have no basis in law or fact.

**EXHIBIT D**

4.     Plaintiffs' claims are barred for failing to mitigate damages.

5.     Plaintiffs' claims are barred because Plaintiffs' have not suffered any injury or damage as a result of any acts or omissions alleged of GEICO.

6.     Any claims by Plaintiffs for lost wages in the past or lost wage earning capacity in the future is limited by the provisions of Section 18.091 of the Texas Civil Practice and Remedies Code.

7.     Any claims by Plaintiffs for punitive or exemplary damages is barred because GEICO did not act intentionally, wantonly, fraudulently, or maliciously.

8.     Plaintiffs are not entitled to the recovery of punitive or exemplary damages, if at all, beyond the limitations set forth in Texas Civil Practice and Remedies Code.

9.     Plaintiffs are not entitled to the recovery of punitive or exemplary damages to the extent such award would deprive GEICO of property and rights without due process of law and would constitute an excessive and unreasonable fine or penalty prohibited by the Texas and U.S. Constitutions.

10.     Plaintiffs' claims are barred for failure to comply with all conditions precedent.

11.     GEICO would show it is not responsible for Plaintiffs' medical conditions and damages, if any, which existed before this accident and/or Plaintiffs' medical conditions and damages, if any, which were not proximately caused by this accident.

12.     Plaintiffs have failed to set out their claims with sufficient particularity to enable GEICO to determine all applicable affirmative defenses.   GEICO therefore reserves its right to assert any additional affirmative defenses that may be applicable, to

**EXHIBIT D**

withdraw any affirmative defenses that are inapplicable, and to more specifically assert affirmative defenses once the precise nature of the claims are ascertained.

### D.
### PAID MEDICAL DAMAGES LIMITATION

GEICO asserts that Plaintiffs' medical or health care damages, if any, caused by the accident as alleged in their Original Petition are limited to the amounts, if any, actually paid by or on behalf of Plaintiffs, including payments made by health insurers. In accordance with Texas Civil Practice and Remedies Code §41.0105, as interpreted by the Texas Supreme Court in *Haygood v. DeEscabedo*, 356 S.W.3d 390 (Tex. 2011), recovery by Plaintiffs or past medical or health care expenses, if any, incurred in the accident identified in Plaintiffs' pleadings is limited to amount(s) actually paid or incurred by, or on behalf of, the Plaintiffs, including amounts actually owed by Plaintiffs.

### E.
### PRE-JUDGMENT INTEREST

Defendant asserts the limitations for pre-judgment interest, if any that may be recoverable in this matter, as set forth in the Texas Finance Code. Defendant specifically states that it is relying on the following statutes, including but not limited to: Texas Finance Code §§ 304.104; 304.105; and 304.1045. Defendant reserves the right to supplement these citations should others be determined to be applicable at a later date.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, GEICO prays that this Court enter judgment that Plaintiffs take nothing by their suit, that GEICO recovers its reasonable costs of court, and for such other and further relief both general and special, whether at law or in equity, to which GEICO may show itself justly entitled.

Respectfully submitted,

**MAYFIELD LAW FIRM, LLP**
ANGELIQUE WEAVER
State Bar No. 24008247
1001 Main Street, Suite 504
Lubbock, Texas  79401
Telephone: (806) 722-1616
Facsimile: (806) 722-1614
aweaver@mayfield-lawfirm.com

*/s/ Angelique Weaver*
Angelique Weaver

ATTORNEY FOR DEFENDANT
GEICO CHOICE
INSURANCE COMPANY

**EXHIBIT D**

## CERTIFICATE OF SERVICE

I certify that on the **5th** day of **JULY**, 2016, a true and correct copy of this document was served on counsel of record as follows:

**Via E-file and Via Facsimile**
Davis W. Smith, P.C.
Ryne Hutcheson
SBN: 24076096
1220 Avenue k
Lubbock, Texas 79401
Phone: (806) 744-4477
Fax: (806) 744-2671
efile@gorillalawfirm.com

ATTORNEYS FOR PLAINTIFFS

/s/ Angelique Weaver
Angelique Weaver

## VERIFICATION

STATE OF TEXAS

COUNTY OF DALLAS

    On this date, Dawn Oswalt, personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that she is an authorized agent for Defendant Geico Choice Insurance Company; that she has read Defendant Geico Choice Insurance Company's Original Answer; and that every statement contained in Section B of Defendant Geico Choice Insurance Company's Original Answer are within her personal knowledge and are true and correct.

                                                                   _Dawn Oswalt_
                                                                     Dawn Oswalt

SUBSCRIBED AND SWORN TO BEFORE ME on the 5th day of July, 2016.

                                                      _Celia A Rodriguez_
                                                      Notary Public in and for the State of Texas

CELIA A RODRIGUEZ
My Commission Expires
October 22, 2019

**EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **GINGER DANIEL, LAJUANA RICE AND** | § | |
| **MAEGAN MCCLAIN** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **GEICO CHOICE INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

## DECLARATION OF DAN BEACOM

| | |
|---|---|
| COUNTY OF DALLAS | § |
| | § |
| STATE OF TEXAS | § |

I, Dan Beacom, under penalty of perjury, declare as follows:

1.      "My name is Dan Beacom. I am over the age of 18 and am employed by GEICO Choice Insurance Company.  My business address is GEICO Choice Insurance Company, 2280 N. Greenville Avenue, Richardson, Texas 75082.  I have never been convicted of a felony or crime involving moral turpitude, and am fully competent to make this declaration.  I have personal knowledge of the facts stated herein, and they are all true and correct.

2.      I am currently a Regional Vice President for GEICO Choice Insurance Company. In my capacity as Regional Vice President, I have become familiar with the operations and business practices of GEICO Choice Insurance Company.  I am authorized to make this Declaration of behalf of GEICO Choice Insurance Company.

**EXHIBIT E**

3.      GEICO Choice Insurance Company is a Nebraska corporation with its principal place of business in Washington DC.

I, Dan Beacom, declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this _5th_ day of _July_, 2016.


_____
DAN BEACOM